UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MARY BRIGANTI

        Plaintiff,                   3:13-CV-01832 (CSH)
v.

CONNECTICUT TECHNICAL HIGH        February 19, 2015
SCHOOL SYSTEM

        Defendant.

## RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR ATTORNEY'S FEES AND COSTS

**HAIGHT**, Senior District Judge:

The Defendant, the Connecticut Technical High School System, moves to compel Plaintiff Mary Briganti to provide written responses and documents in response to its interrogatories and production requests. Doc. [24]. Defendant also moves for attorney's fees and costs associated with filing the motion. *Id.* For the reasons that follow, the motion to compel will be granted in part, and denied in part; the motion for attorney's fees and costs will be denied.

### I. BACKGROUND

In her complaint, Plaintiff alleges the Defendant, her former employer, discriminated against her on the basis of age, race, and sex, and retaliated against her for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination and Employment Act of 1967, 29 U.S.C §§ 621-634. Doc. [1] at 1. Plaintiff seeks "[c]ompensatory damages in an amount this court shall consider to be just, reasonable and fair"; "[a]ttorney fees and the costs of this action"; and "[s]uch other relief as this court shall consider to be fair and equitable." *Id.* at 3-4.

Defendant propounded its interrogatories and requests for production on May 7, 2014. Plaintiff provided timely responses or production on July 30, 2014. Plaintiff supplemented her responses on September 17, September 19, October 3, and October 16. Interrogatory no. 24, which lies at the center of the discovery dispute, states in its entirety:

> 24. Is the Plaintiff claiming emotional distress as part of her damages in this action?
>
> If the answer is in the affirmative, please state if in the period from 2005 to the present, the Plaintiff has sought and/or received medical diagnosis, treatment or any other services for any mental illness, mental condition, psychiatric condition, emotional condition, addiction to a controlled substance and/or for emotional distress from any hospital, clinic, and/or other medical practitioner, physician, psychologist, psychiatrist, therapist, nurse, counselor, social worker or other health care provider;
>
> identify each such hospital, clinic and/or other medical practitioner, physician, psychologist, psychiatrist, therapist, nurse, counselor, social worker or other health care provider from whom you sought and/or received any such diagnosis, treatment or other service, the date(s) when you sought and/or received such treatment(s), and the physician and/or health care provider who rendered an opinion respecting the nature and extent of the injuries, conditions, and disabilities;
>
> and describe the opinion, diagnosis and/or treatment rendered by such health care provider.

Doc. [24-1] at 4-5.[1]  Plaintiff responded on July 30 by stating only: "Yes I am claiming Garden Variety emotional [damages]." *Id.* at 5.  On September 17 and September 19, she supplemented her response, each time stating: "No, I am not claiming emotional distress as part of my damages in this action with the exception for a claim for garden variety emotional distress." *Id.*

---

[1] Interrogatory no. 24, in the form served on Plaintiff, was styled as one paragraph. The Court has divided it into four paragraphs for the benefit of the reader.

Defendant also propounded the following requests for production:

> 21. All documents in support of the Plaintiff's claim of emotional distress.
>
> 24. If the Plaintiff is claiming emotional distress in Interrogatories 23 and 24 above, all documents that relate to any treatment, examination, diagnosis or consultation that the Plaintiff received during the past ten years for any psychiatric or psychological illness, disorder or condition.
>
> 25. If the Plaintiff is claiming physical or mental injuries in connection with this suit as identified in Interrogatories 23 and 24, copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the Plaintiff's injuries incurred as a result of the incidents alleged in the Complaint including, but not limited to, nurses' notes, charts, treatment summaries, physicians' reports, bills or statements for prescription drugs or medicines, physicians' services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses, including but not limited to any bills or documents reflecting the costs or expenses referred to in answer to any of these Interrogatories.
>
> 26. If the Plaintiff is claiming physical or mental injuries in connection with this suit as identified in Interrogatories 23 and 24, please provide a fully-executed medical records authorization (attached) for each medical provider identified in response to Interrogatories 23 and 24.

Plaintiff responded to requests for production nos. 21, 24, and 25 by stating "N/A." She responded to request for production no. 26 by stating "Nothing attached," or "N/A, nothing attached."

Defendant now moves to compel discovery with respect to the production requests and interrogatory quoted above. The basis for the motion to compel is found at page seven of Defendant's supporting memorandum of law:

> The plaintiff has put her general health and mental health at issue in this matter. The fact that she now claims that she is seeking only "garden variety" emotional distress damages is belied by her own

3

>statement given under oath.

Doc. [24-1] at 1.  The "statement given under oath," to which Defendant refers, is Plaintiff's answer to interrogatory no. 23, which asked Plaintiff to specify each of her claimed damages as alleged in the complaint.  Plaintiff stated:

>Loss of employment, medical insurance, pension, **overall general health**, damaged employment record and character assassination. Damages — salary, benefits, cruel **and unjust treatment leading to the diagnosis of depression**.  Attorneys fees and costs.

*Id.* at 7 (emphasis added by Defendant).  Defendant moves to compel discovery on grounds that Plaintiff is asserting a claim for "specific damages to her mental and physical health" while "simultaneously denying[ing] the defendants access to the documents that prove, or disprove, the plaintiff's allegations." *Id.*

## II.  DISCUSSION

### A

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation.  Fed R. Civ. P. 26(b)(1).  The information sought does not need to be admissible at trial; it need only be reasonably calculated to lead to discovery of admissible evidence. *Id.*  "Relevance" under the Federal Rules of Civil Procedure 26(b)(1) is defined broadly to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The party resisting discovery bears the burden of showing why a discovery request should be denied. *Jacobs v. Connecticut Community Technical Colleges*, 258 F.R.D. 192, 195 (D. Conn. 2009).

**B**

Defendant's motion presents two principle questions. First, whether Plaintiff has asserted a claim based on serious mental distress, thus waiving the psychotherapist-patient privileged recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and entitling Defendant to discover Plaintiff's mental health records. Second, whether Defendant has a right to discovery related to Plaintiff's medical, non-mental health treatment. The Court concludes that Plaintiff has not asserted a claim for serious mental distress, and that Defendant has a right to discovery as it relates to Plaintiff's general health.

In *Jaffee v. Redmond*, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee*, 518 U.S. at 15. The privilege protects "confidential communications made to licensed psychiatrists . . . psychologists . . . [and] social workers." *Id.* It also protects against compelled disclosure of notes made during the course of treatment. *Id.* at 18. The privilege is based on the recognition that confidentiality between patient and mental health professional is the "*sine qua non* for successful psychiatric treatment" and that open communication between patient and mental health professional "would . . . be chilled" by the prospect of disclosure of confidences through litigation. *Id.* at 10-11 (internal quotation marks omitted).

"Despite the strict protection it affords, the psychotherapist-patient privilege may be waived." *Jacobs*, 258 F.R.D. at 195 (citing *Jaffee*, 518 U.S. at 15, n.14). "Waiver occurs when a plaintiff puts his or her mental condition at issue in the case." *Id.* "[W]aiver may be implied in the circumstances where it is called for in the interests of fairness," including "when the party attempts to use the

privilege both as 'a shield and a sword.'" *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008); *Jacobs*, 258 F.R.D. at 195 (quoting same). "In other words, a party cannot partially disclose privileged communications *to support its claim or defense* and then shield the underlying communications from scrutiny by the opposing party." *Id.* (emphasis in original; internal quotation marks omitted).

In *Sims*, the Second Circuit held that a *pro se* prisoner had not waived his psychotherapist-patient privilege because he had asserted no more than a general garden variety claim for emotional distress, that is, a claim for of emotional injury for damages "ordinarily associated with a conventional claim for pain and suffering." *Id.* at 120, 121. The district court concluded that plaintiff waived the psychotherapist-patient privilege by placing his psychiatric history at issue, and accordingly, ordered plaintiff to disclose his mental health records. On review, the court of appeals determined that although plaintiff testified at a deposition regarding some anxiety he suffered as a result of an alleged assault, the record did not support the conclusion that plaintiff "suffered serious emotional damages as a result of the assault." *Id.* at 135 (internal quotation marks omitted). The court of appeals also determined that the district court failed to take into account certain "fairness factors," including "the absence of any allegation of emotional injury in [plaintiff's] pleading," and, perhaps most problematically, plaintiff's "withdrawal of any claim to damages for mental jury or any non-garden variety emotional injury." *Id.* Based in large part on the disavowal of that claim, absence of an allegation in the complaint of emotional distress, and the dearth of testimony supporting a claim of damages for serious emotional distress, the court of appeals concluded that waiver of privilege should not be inferred "in the interests of fairness." *Id.* at 135, 136, 138, 140-42.

The court in *E.E.C.C. v. Nicholas Gas & Oil, Inc.*, 256 F.R.D. 114 (2009), applying the considerations articulated in *Sims*, reached the same conclusion. The court noted that the claimant's

6

complaint did "not allege any specific injuries"; rather, only claims for "non-pecuniary losses, including pain, suffering and humiliation." *Id.* at 121 (internal quotation marks omitted). The court also noted that the Equal Employment Opportunity Commission, on behalf of the claimant, had "explicitly disavowed any emotional distress claims other than garden variety claims." The court therefore concluded that the claimant had "not waived her psychotherapist-patient privilege, and information about documents reflecting her mental health counseling sessions [were] protected from disclosure." *Id.*

Application of the "fairness factors" considered in *Sims*, direct the same conclusion here — Plaintiff has not waived the psychotherapist-patient privilege. Like the plaintiffs in *Sims* and *Nicholas Gas*, Plaintiff at bar has not pled any allegation of emotional injury in her complaint. Nor, unlike in *Sims*, is there even a suggestion on this record that Plaintiff has provided deposition testimony indicating that she is seeking damages for serious emotional distress. It is even difficult to conclude, from Plaintiff's answers to Defendant's interrogatories, that she is seeking damages for non-garden variety emotional distress. Though Plaintiff stated she was claiming damages for "overall general health" and "unjust treatment leading to the diagnosis of depression" in an answer dated July 30, on two successive occasions Plaintiff stated the she is "not claiming emotional distress as part of [her] damages . . . with the exception for a claim for garden variety emotional distress." But even if Plaintiff's answers create doubt as to the nature of her claim, Plaintiffs opposition to the instant motion makes abundantly clear that she is not claiming damages for non-garden variety emotional distress. She states, through counsel:

> The plaintiff in the instant action does not intend to pursue any claims
> for emotional distress beyond "garden variety" emotional distress —
> the type ordinarily "associated with a conventional claim for pain and

suffering." Doc. [25] at 3 (quoting *Jacobs*, 258 F.R.D. at 196).

The Court therefore concludes that Plaintiff has explicitly disavowed any claim to damages based on serious distress, a specific diagnosis of depression, or non-garden variety emotional injury. Accordingly, she has not waived her psychotherapist-patient privilege, and documents concerning the nature of any mental health treatment are therefore protected from disclosure.

In view of Plaintiff's disavowal of a claim to emotional distress damages beyond those which are "garden variety" in nature, Plaintiff will be precluded from offering any lay or expert evidence at trial of a "diagnosis of depression" (as contemplated in her answer to interrogatory no. 23) or any claim for damages allegedly caused by such a condition.

C

Having determined that Plaintiff's mental health records are not subject to disclosure, the Court turns to whether Defendant may ask about and request documents regarding Plaintiff's general medical or non-mental health history. As an initial matter, because this case arises under federal law, any state-law physician-patient privilege is inapplicable. *In re Zyprexa Products Liab. Litig.*, 254 F.R.D. 50, 54 (E.D.N.Y. 2008). Federal law does not recognize a physician-patient privilege that shields general medical (non-mental health) records from discovery.

Plaintiff claims damages for garden variety emotional distress. She also claims damages to her "overall general health," a claim which, while not encompassing damages for specific mental distress, may include damages for physical injuries. Because Plaintiff has put her general health at issue, Defendant is entitled to discover whether Plaintiff's medical records reveal some alternative explanation for her emotional distress and diminished health.

Furthermore, although Defendant is not entitled to discovery with respect to *communications*

8

between Plaintiff and psychotherapist, the dates of any psychotherapy and the names of any psychotherapist or mental health provider that may have treated Plaintiff are not privileged and are therefore subject to discovery. *See Perry v. City of New Haven*, No. 3:11cv1485 (RNC), 2012 WL 3887061, at *2 (D. Conn. Sept. 6, 2012); *cf MacCluskey v. Univ. of Connecticut Health Ctr.*, No. 3:13cv01408 (MPS), 2014 WL 7404565, at *2 (D. Conn. Oct. 20, 2014).

### III.  CONCLUSION

Based on the foregoing, Defendant's motion to compel is GRANTED in PART and DENIED in PART.  It is GRANTED to the extent Defendant seeks discovery related to Plaintiff's general medical, or non-mental health history.  It is DENIED to the extent Defendant seeks discovery related to the opinion, diagnosis, privileged communication, or treatment records of any psychotherapist.

By not later than **March 23, 2015**, Plaintiff shall answer interrogatory no. 24 and respond to production requests nos. 21, 24, 25, and 26, in a manner consistent with this Ruling.

Because Plaintiff's objections or refusal to comply with Defendant's discovery requests were not completely without merit, Defendant's motion for attorney's fees and costs is DENIED.

The Court will reset the Scheduling Order in a separate Order to follow.

It is SO ORDERED.

Dated:   New Haven, Connecticut
              February 19, 2015


                                                                    /s/ *Charles S. Haight, Jr.*
                                                                    CHARLES S. HAIGHT, JR.
                                                                    Senior United States District Judge